# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| A'GACI, L.L.C., | § | CASE NO. 18-50049-rbk |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |

## BANK OF AMERICA, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO AN ACT AGAINST PROPERTY; ALTERNATIVELY, REQUEST FOR ADEQUATE PROTECTION

COMES NOW Bank of America, N.A. ("**BOA**") and files this *Motion for Relief from the Automatic Stay with Respect to an Act Against Property; Alternatively, Request for Adequate Protection* ("**Motion**"), and states:

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

## I.
## INTRODUCTION

1. BOA serves as a depository bank where the Debtor currently holds $246,061.90 in deposits. BOA is also a creditor of the Debtor. The Debtor owes BOA approximately $4.3 million. The Debtor's debt to BOA is also secured by equipment at the Debtor's Von Ormy distribution center.

2. BOA seeks stay relief to set off the amounts in the Debtor's BOA accounts against the debt that the Debtor owes BOA.

3. BOA seeks stay relief to authorize the usual payment of treasury management fees from Debtor's BOA accounts.

4. BOA also seeks stay relief to access to the Debtor's facilities, equipment, documents, and personnel as may be reasonably necessary or convenient to conduct such an appraisal, through its agents or contractors or otherwise, of its equipment collateral.

## II.
## JURISDICTION, CORE PROCEEDING, AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this district pursuant to 28 U.S.C. § 1409. The statutory predicates for relief include 11 U.S.C. §362 and 553.

## III.
## SUPPORT FOR THIS MOTION

| **Exhibit** | **Description** | **Commen**t |
|---|---|---|
| BOA-1 | Proposed Order Granting Bank of America, N.A.'s Motion for Relief from the Automatic Stay with Respect to an Act Against Property; Alternatively, Request for Adequate Protection | |
| BOA-2 | Affidavit of Raymond P. Abbott | |
| BOA-2A | Loan Agreement dated January 19, 2017 ("**BOA Loan Agreement**") | |
| BOA-2B | Security Agreement dated January 19, 2017 ("**BOA Security Agreement**") | |
| BOA-2C | UCC Financing Statement dated February 14, 2017 ("**BOA Financing Statement**") | |
| BOA-2D | List of Debtor Accounts at Bank of America | |
| BOA-2E | Screen Shot of Principal and Interest Balance Loan 265 (as of 1-9-2018) | |
| BOA-2F | Screen Shot of Principal and Interest Balance Loan 273 (as of 1-9-2018) | |
| BOA-2G | Loan History from Loans 265 and 273 | |
| BOA-2H | BOA Account History | |
| BOA-2I | Compliance Certificate dated October 28, 2017 | |

# IV.
# BACKGROUND

**A.     BOA Loan**

6.     Debtor is a borrower from BOA under the terms of the January 19, 2017 Loan Agreement ("**BOA Loan Agreement**"). EX BOA-2A-000001. The BOA Loan Agreement provides for two loans: (a) Facility No. 1 in the original principal amount of $3,496,356.00, and (b) Facility No. 2 in the original principal amount of $1,503,644.00. EX BOA-2A-000001-2. Currently, the principal balance of Facility No. 1 loan is $3,084,055.62,[1] and the principal balance of Facility No. 2 loan is $1,175,752.54.[2] Together, the Facility No. 1 loan and the Facility No. 2 loan shall be called the "**BOA Loan**." Currently, the principal balance of the BOA Loan is $4,259,808.16. EX BOA-2G-000001-2.

**B.     BOA Security Agreement**

7.     The BOA Loan is secured pursuant to the terms of the BOA Security Agreement. EX BOA-2B-000001. Under the BOA Security Agreement, the collateral for the BOA Loan includes certain equipment and fixtures described in Exhibit A to the BOA Security Agreement ("**Equipment**"). EX BOA-2B-000010.

**C.     BOA Financing Statement**

8.     On February 14, 2017, a the BOA Financing Statement was filed with respect to the collateral made the subject of the BOA Security Agreement. EX BOA-2C-000001.

**D.     The BOA Accounts**

9.     Debtor is a depositor in the several BOA depository accounts as described in Ex EX BOA-2D-000001 and EX BOA-2H-000001-30. ("**BOA Accounts**"). In all but one of these

---

[1] EX BOA-2E-000001 (Facility No. 1); see also EX BOA-2G-000001-2.
[2] EX BOA-2F-000001 (Facility No. 2); see also EX BOA-2G-000001-2.

BOA Accounts, Debtor deposits cash from its individual stores. On a daily basis, the cash deposited into the individual store BOA Accounts is swept into the BOA Account known as the "Cluster Account," which is the account ending in the numbers 2775. As of the close of business on January 8, 2018, the total amount in the BOA Accounts was $194,189.64. This amount is calculated as $178,556.78 in the 2775 Cluster Account,[3] plus $8,278.29 in the 0216 account,[4] plus $7,354.57 in the 3702 account.[5]

E.      **BOA's Contractual Security Interest and Setoff Rights in the BOA Accounts**

10.     As described below, BOA has contractual security interest and setoff rights with respect to the funds in the BOA Accounts.

11.     The BOA Loan Agreement provides:

> 9.10 Set-Off. Upon and after the occurrence of an event of default under this Agreement, (a) **the Borrower hereby authorizes the Bank**, at any time and from time to time, without notice, which is hereby expressly waived by the Borrower, and whether or not the Bank shall have declared any credit subject hereto to be due and payable in accordance with the terms hereof, **to set off against**, and to appropriate and apply to the payment of**, the Borrower's Obligations** (whether matured or unmatured, fixed or contingent, liquidated or unliquidated), **any and all amounts owing by the Bank to the Borrower** (whether payable in U.S. dollars or any other currency, whether matured or unmatured, and in the case of deposits, whether general or special (except trust and escrow accounts), time or demand and however evidenced), and (b) pending any such action, to the extent necessary, **to hold such amounts as collateral to secure such Obligations** and to return as unpaid for insufficient funds any and all checks and other items drawn against any deposits so held as the Bank, in its sole discretion, may elect. **The Borrower hereby grants to the Bank a security interest in all deposits and accounts maintained with the Bank to secure the payment of all Obligations** of the Borrower to the Bank under this Agreement and all agreements, instruments and documents related to this Agreement. "Obligations" means all obligations, now or hereafter existing, of the Borrower to the Bank under this Agreement and under any other agreement or instrument executed in connection with this Agreement.

EX BOA-2A-000012 (emphasis added).

---

[3] EX BOA-2H-000029.
[4] EX BOA-2H-000001.
[5] EX BOA-2H-000009.

12. The BOA Security Agreement provides:

6. BANK'S REMEDIES AFTER DEFAULT. In the event of any default, the Bank may do any one or more of the following, to the extent permitted by law: . . . (c) **Enforce the security interest of the Bank in any deposit account of the Pledgor maintained with the Bank by** applying such account to the Indebtedness.. . . (s) Exercise **any other remedies** available to the Bank at law or in equity.

EX BOA-2B-000004 (emphasis added).

### F. Debtor's Breach of Pre-petition Loan Covenants

13. As of October 28, 2017, Debtor certified that it was not in compliance with certain covenants of the BOA Loan Agreement. EX BOA-2I-000001.

### G. Chapter 11 Bankruptcy Filed

14. On January 9, 2018 ("**Petition Date**"), Debtor A'Gaci, L.L.C. filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Texas, thereby commencing the case styled *In re A'Gaci, L.L.C.*, Case No. 18-50049 (the "**Bankruptcy**").

### H. Administrative Freeze

15. After the Petition Date, BOA placed a temporary administrative freeze on withdrawals from the BOA Accounts as allowed by *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995) pending BOA's ability to exercise its setoff rights.

16. While BOA has not exercised such setoff rights under contract, common law, or equity due to the automatic stay of 11 U.S.C. § 362(a), BOA reserves the right to do so and is hereby seeking relief from the automatic stay to assert such remedies; alternatively, for adequate protection with respect to the BOA Accounts.

### I. Cash Management Order

17. On January 11, 2018, this Court entered *Order Authorizing (I) Continued Use Of Existing Business Forms And Records, (II) Authorizing Maintenance Of Existing Corporate Bank*

*Accounts And Cash Management System, (III) Authorizing Payment Of Prepetition Costs And Fees Associated With Customer Credit And Debit Card Transactions And (IV) Waiving Certain U.S. Trustee Requirements* ("**Cash Management Order**"). Dkt. 49. The Cash Management Order essentially provides that the Debtor and the depository banks may continue to do business and follow the same contractual obligations as in the prepetition period. The Cash Management Order provides, among other things (emphasis added):

> 2. The Debtor is authorized to (i) use the Cash Management System, (ii) **maintain and continue using the Bank Accounts**, including the Store Bank Accounts, with the same account numbers, in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A of the Motion.[6] . . .
>
> 4. The Debtor is authorized but not directed to (a**) maintain and continue to use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as are currently employed**, (b) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, automated clearinghouse ("ACH") transfers, drafts, electronic fund transfers, or other items presented, issued or drawn on the Bank Accounts, (c) **pay and/or reimburse the Banks in the ordinary course of business for any claims arising prepetition or postpetition including ordinary-course bank fees**, checks deposited which have been dishonored or returned for insufficient funds, and any reimbursement or other payment obligations such as overdrafts arising in connection with the Bank Accounts, (d) **perform its obligations under the documents and agreements governing the Bank Accounts**, and (e) treat the Bank Accounts for all purposes as accounts of the Debtor in its capacity as debtor-in-possession. . . .
>
> 13. In the course of providing cash management services to the Debtor, any Bank, without further order of this Court, is authorized to (i) charge, and **the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements** with the Debtor, and (ii) charge-back returned items to the Bank Accounts, whether such items are dated before, on, or after the Petition Date, in the ordinary course of business during the pendency of this Case.

---

[6] Exhibit A to that Motion lists the accounts at BOA that are the subject of this Motion.

# V.
# ARGUMENT AND AUTHORITIES: SETOFF

## A. Setoff Generally

18. Setoff rights "allow entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (citations omitted). The Bankruptcy Code does not create a federal right of setoff. *Strumpf*, 516 U.S. at 18. The Bankruptcy Code simply preserves setoff rights that might otherwise exist under federal or state law. *Id.* Therefore, the threshold determination is whether an independent right of setoff exists outside of bankruptcy. *United States v. Myers (In re Myers)*, 362 F.3d 667, 672 (10th Cir. 2004).

## B. Texas Law Applies

19. The BOA Loan Agreement and the BOA Security Agreement provide that Texas law applies. They state:

> Governing Law. Except to the extent that any law of the United States may apply, this Agreement shall be governed and interpreted according to the laws of Texas (the "Governing Law State"), without regard to any choice of law, rules or principles to the contrary. Nothing in this paragraph shall be construed to limit or otherwise affect any rights or remedies of the Bank under federal law.

EX BOA-2A-000010; EX BOA-2B-000006.

20. In addition, Debtor is a Texas Limited Liability Corporation. EX BOA-2B-000008.

21. Because the parties have agreed in writing to Texas law and the transaction bears a reasonable relation to Texas, Texas law applies. *See* Tex. Bus. & Com. Code § 271.005.

## C. BOA Has a Common Law and Contractual Right of Setoff

22. Funds on deposit at a bank are subject to a bank's common law rights of setoff. *Mauriceville Nat. Bank v. Zernial,* 892 S.W.2d 858, 860 (Tex. 1995); *Bandy v. First State Bank, Overton*, 835 S.W.2d 609, 618 (Tex. 1992)(discussing the history of a bank's right of setoff against

depository accounts). In addition, a bank may have a contractual right of setoff. *Bank One, NA v. First Nat. Bank of Baird*, No. CIV.A.1:02-CV-100-C, 2003 WL 22137171, at *4 (N.D. Tex. Sept. 16, 2003)("FNB had both a statutory and common law right to set off the funds at issue in this case"); *see also Mauriceville*, 892 S.W.2d at 860 (in addition to its common law setoff rights, "bank also had a contractual right of setoff in the deposit agreement as well as a right to set off under the security agreement"). As stated above, Section 9.10 of the BOA Loan Agreement allows BOA to set off Debtor's obligations against any amounts BOA owes to the Debtor. EX BOA-2A-000012. Additionally, Section 6 of the BOA Security Agreement allows BOA to "[e]nforce the security interest of the Bank in any deposit account of the Pledgor maintained with the Bank by applying such account to the Indebtedness." EX BOA-2B-000004.

D. **BOA Meets the Requirements of Setoff Under Texas Law and Section 553**

23. Setoff is a form of equitable counterclaim which brings together obligations of parties opposing each other and, by judicial action, makes each obligation extinguish the other. *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994) (applying Texas law). The object of equitable setoff is to adjust the demands between the parties and allow a recovery of only the balance that is due. *Id*. In order for one demand to be set off against another, both demands must mutually exist between the same parties *Id*. Indeed, setoff is proper only where demands are mutual, between the same parties, and in the same capacity or right. *Id*.

24. The elements of setoff under Texas law and 11 U.S.C. § 553 are similar. *In re Garden Ridge Corp.*, 338 B.R. 627, 633 (Bankr. D. Del. 2006), aff'd, 399 B.R. 135 (D. Del. 2008), aff'd, 386 F. App'x 41 (3d Cir. 2010)(applying Texas law). They are: (a) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; (b) a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and (c) the debt and claim must be mutual obligations. *Braniff Airways, Inc. v. Exxon Co., USA*,

814 F.2d 1030, 1035 (5th Cir. 1987); see also *Brook Mays Organ Co. v. Sondock*, 551 S.W.2d 160, 166 (Tex. Civ. App. 1977), writ refused NRE (Nov. 2, 1977) (setoff is proper only where the demands are mutual, between the same parties, and in the same capacity or right). Some opinions add a fourth element, that the claim and debt must be valid and enforceable. *Garden Ridge*, 338 B.R. at 633.

25. *There is a debt owed by the creditor to the debtor that arose prior to the commencement of the bankruptcy case*. A bank account constitutes a debt where the bank is the debtor and the customer is the creditor. *Bandy,* 835 S.W.2d at 619. In the instant case, the Debtor deposited funds in the BOA Accounts prior to the commencement of this bankruptcy case. EX BOA-2D-000001 and EX BOA-2H-000001-30.

26. *There is a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case*. The claim by BOA against the Debtor arose prepetition and is $4,259,808.16 in principal, as established by the attached Exhibits[7] and any evidence to be presented at a hearing on this Motion.

27. *The debt and the claim are mutual obligations*. Mutuality of obligation exists when debts are owing between the same parties in the same right or capacity. *Mullen v. Cheatham*, No. 05-99-00916-CV, 1999 WL 1095917, at *3 (Tex. App. Dec. 6, 1999); see also *Braniff*, 814 F.2d at 1036 ("For mutuality to exist, each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally"). For mutuality of obligation to exist, the debts must be such that the party asserting offset could maintain an action on that debt while the other party could claim his cause of action in that suit as an offset. *Mullen* 1999 WL 1095917, at *3. However, the debts and claims do not have to be of the same character

---

[7] EX BOA-2G-000001-2.

before setoff may be applied. *Braniff*, 42 B.R. at 447. There is mutuality because the BOA Accounts are in the name of the Debtor with BOA as the depository bank and the BOA Loan is between the same Debtor and BOA. Neither party is acting in a capacity other than for itself.

28. *The claim and debt are valid and enforceable*. The validity and enforceability of BOA's claim against Debtor are established by the attached Exhibits and any evidence to be presented at a hearing on this Motion.

29. Before a bank can exercise its right of setoff, the debt owed to the bank by the customer must be mature, that is, it must have come due, with the exception being when the customer is insolvent. *See Bandy*, 835 S.W.2d at 619. In this context, "insolvency" means a debtor's failure or refusal to pay his debts in the due course of business. *Bandy*, 835 S.W.2d at 621. The BOA Loan is also in default and is matured, and the Debtor is insolvent because the Debtor is not paying its debts in the due course of business. The Debtor was in default under the BOA Loan Agreement as of October 28, 2017. EX BOA-2I-000001. In addition, the Debtor's filing of its bankruptcy petition also effects a default by the Debtor. Because the definition of claim includes unmatured debts, the filing of a bankruptcy case has the effect of accelerating the maturity of all the debts of the debtor. *U.S. Bank Trust Nat'l Ass'n v. Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 290 (Bankr. S.D.N.Y. 2013)(the filing of a bankruptcy petition—even without specific contractual language—acts to accelerate all of a debtor's obligations by operation of law); *HSBC Bank USA v. Calpine Corp.*, 2010 U.S. Dist. LEXIS 96792 *11 (S.D.N.Y. Sept. 14, 2010)(the filing of a bankruptcy petition renders all of a debtor' outstanding debts mature and payable).

E.  **Setoff as a Lien**

30. Additionally, a setoff right is in essence a lien to the extent of the setoff. *Braniff*, 814 F.2d at 1034 (noting that 11 U.S.C. § 506(a) provides that a claim subject to setoff under

section 553 is secured to the extent of the amount subject to setoff). As such, the funds in the BOA Accounts are BOA's cash collateral pursuant to 11 U.S.C. § 363(a). BOA, having put an administrative freeze on the BOA Accounts, has not given the Debtor consent to use such cash collateral, so the Debtor may not use such cash collateral. 11 U.S.C. § 363(c)(2).

31. BOA's setoff rights are also a first priority lien on the funds in the BOA Accounts. As discussed in *Bank One, NA v. First Nat. Bank of Baird*,[8] a conflict between (a) a security interest in proceeds or funds deposited in a demand deposit account and (b) a bank's rights of setoff on proceeds or funds deposited in that bank, is resolved as follows:

> (a) Except as otherwise provided in Subsection (c), **a bank with which a deposit account is maintained may exercise any right of recoupment or setoff against a secured party** that holds a security interest in the deposit account.
>
> (b) Except as otherwise provided in Subsection (c), the **application of this chapter to a security interest in a deposit account does not affect a right of recoupment or setoff of the secured party as to a deposit account** maintained with the secured party.
>
> (c) The exercise by a bank of a setoff against a deposit account is **ineffective** against a secured party that holds a security interest in the deposit account **that is perfected by control under section 9.104(a)(3), if the setoff is based on a claim against the debtor.**
>
> Tex. Bus. & Com. Code § 9.340 (emphasis added).

32. The requirements of "control" of deposit accounts are set forth by Texas law as follows:

> (a) A secured party has control over a deposit account if:
>
> (1) the secured party is the bank with which the deposit account is maintained;
>
> (2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the account without further consent by the depositor, or

---

[8] No. CIV.A.1:02-CV-100-C, 2003 WL 22137171, at *4 (N.D. Tex. Sept. 16, 2003).

(3) the secured party that has satisfied Subsection (a) has control, even if the debtor retains the right to direct the disposition of funds from the deposit account.

Tex. Bus. & Com. Code § 9.104

33. Here, to BOA's knowledge, no other secured creditor has control over the BOA Accounts sufficient to override BOA's setoff priority under Tex. Bus. & Com. Code § 9.340(a). *See Bank One, NA v. First Nat. Bank of Baird*, No. CIV.A.1:02-CV-100-C, 2003 WL 22137171, at *4 (N.D. Tex. Sept. 16, 2003)(bank with setoff rights against debtor's accounts had priority over secured party that did not perfect a deposit account by control under Tex. Bus. & Com. Code § 9.104).

34. A depository bank with common law and contractual rights of setoff may also be a secured party under the Uniform Commercial Code. *See* Tex. Bus. & Com. Code § 9.340(b) and Official Comment 3 ("Subsection (b) makes clear that a bank may hold both a right of set-off against, and an Article 9 security interest in, the same deposit account. By holding a security interest in a deposit account, a bank does not impair any right of set-off it would otherwise enjoy"). To the extent that BOA is treated as a secured party, BOA has a perfected security interest in the BOA Accounts because of perfection by control. Tex. Bus. & Com. Code § 9.314(a)(a security interest in deposit accounts may be perfected by control of the collateral); Tex. Bus. & Com. Code § 9.104(a)(1)(a secured party has control of a deposit account if the secured party is the bank with which the deposit account is maintained).

F. **There are Grounds to Lift the Stay to Effect a Setoff**

35. The filing of a bankruptcy petition operates as a stay, applicable to all entities, of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). A creditor who has the right to setoff may obtain relief from the automatic stay in order to implement the setoff. *In re*

*Dye*, 2004 WL 2249503, *7 (Bankr. M.D. N.C. 2004); *In re Stienes*, 285 B.R. 360, 362 (Bankr. D. N.J. 2002) ("In order to exercise a valid right of setoff, a creditor must move for relief from the automatic stay under 11 U.S.C. § 362(d).").

36. The automatic stay may be lifted "for cause" including a lack of adequate protection. 11 U.S.C. § 362(d)(1). Courts have generally concluded that the existence of mutual obligations subject to setoff constitutes sufficient "cause" to meet the creditor's initial evidentiary burden in seeking relief from the automatic stay. *In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000). That is, "[w]here a valid right of setoff is established, the creditor's claim is secured to the extent of the amount subject to the setoff under 11 U.S.C. § 506(a), and the creditor is entitled to adequate protection in that amount." *Stienes*, 285 B.R. 360, 362 (Bankr. D.N.J. 2002). The Debtor has not offered any adequate protection for BOA's interest in the funds in the BOA Accounts. Absent BOA's administrative freeze on the BOA Accounts (and the protection of section 363), the Debtor might have used the funds in the BOA Accounts.

37. BOA also seeks relief from the stay because the Debtor does not have an equity in the funds in the BOA Account, and funds in the BOA Accounts are not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). BOA is owed $4,259,808.16 in principal. EX BOA-2G-000001-2. The amounts in the BOA Accounts are currently $246,061.90. EX BOA-2H-000001-30. The Debtor therefore has no equity in the BOA Accounts. It is the Debtor's burden to prove that the funds in the BOA Accounts are necessary to an effective reorganization. 11 U.S.C. § 362(g)(2). BOA does not believe that the Debtor can meet that burden, especially given that the Debtor will not be able to use the funds in the BOA Accounts absent court approval and adequate protection to BOA.

## VI.
## ARGUMENT AND AUTHORITIES: TREASURY MANAGEMENT FEES

38. After the Petition Date, on January 16, 2018, BOA charged certain treasury management fees against the BOA Account 2775 in the amount of $5,744.91 for the December 2017 assessment for all the BOA Accounts. EX BOA-2H-000023. These treasury management fees are made pursuant to BOA's contractual agreements with the Debtor that have existed since prior to the Petition Date. Accordingly, these treasury management fees are authorized by the Cash Management Order. In an abundance of caution, BOA seeks relief from the automatic stay to annul the stay retroactively to authorize the payment of the treasury management fees and prospectively to authorize the payment of treasury management fees going forward.

## VII.
## ARGUMENT AND AUTHORITIES: ACCESS TO PROPERTY

39. As stated above, BOA also has a security interest in the Equipment described in the BOA Security Agreement. BOA seeks relief from the stay for cause for the limited purpose of accessing the Debtor's facilities, equipment, documents, and personnel as may be reasonably necessary or convenient to conduct such an appraisal on the Equipment. Such an appraisal may be useful in a future motion for relief from stay, motion to value collateral, or plan confirmation proceedings, as the case may be.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Bank of America prays that the Court enter an order granting its Motion, and for such other and further relief as the Court deems just.

NORTON ROSE FULBRIGHT US LLP


*/s/Steve A. Peirce*
Steve A. Peirce
State Bar No. 15731200
steve.peirce@nortonrosefulbright.com

300 Convent Street, Suite 2100
San Antonio, TX  78205-3792
Telephone:     (210) 224-5575
Facsimile:      (210) 270-7205

**COUNSEL FOR BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18 day of January, 2018, a copy of the foregoing Motion has been served upon the persons entitled to notice by either U.S. first class mail, postage prepaid or by electronic notification.

*/s/Steve A. Peirce*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| A'GACI, L.L.C., | § | CASE NO. 18-50049-rbk |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | |

**SERVICE LIST**

| | | |
|---|---|---|
| A'Gaci, LLC<br>12460 Network Blvd., Ste 106<br>San Antonio, TX 78249 | Ian T. Peck<br>David Staab<br>Haynes and Boone, LLP<br>201 Main Street, Ste 2200<br>Fort Worth, TX 76102-3125 | U.S. Trustee<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| American Express<br>Alan Vigil<br>12000 W. 7th St, L2 200<br>Los Angeles, CA 90017 | Ambiance Apparel/Wax Jean<br>2415 E. 15th Street<br>Los Angeles, CA 90021 | Top Guy Int'l Trading Inc.<br>333 Brea Canyon Rd<br>City of Industry, CA 91789 |
| Elegance Enterprise Corp<br>18217 Railroad Street<br>City of Industry, CA 91748 | Oceanarc Capital Partners<br>Ron Kubick<br>299 Park Ave<br>New York, NY 10171 | JP Original Corp.<br>19101 E. Walnut Dr North<br>City of Industry, CA 91748 |
| Love Letter Collection<br>c/o Rosenthal & Rosenthal<br>PO Box 88926<br>Chicago, IL 60695-1926 | Day G<br>c/o Prime Business Credit<br>PO Box 741084<br>Los Angeles, CA 90074-1084 | SDI Industries Inc.<br>13000 Pierce St<br>Pacoima, CA 91331 |
| San Antonio Merchant Shippers<br>4300 Loop 410 NE Ste 150<br>San Antonio, TX 78218 | Tovia<br>1228 1 2 S San Pedro St<br>Los Angeles, CA 90015 | Banjul Inc.<br>c/o General Business Credit<br>110 E 9th St, No A 1126<br>Los Angeles, CA 90079 |
| Privy Inc.<br>933 Towne Ave No. 104<br>Los Angeles, CA 90021 | Aspire Systems Consulting<br>60 Paya Lebar Road No 80<br>43 Paya Lebar Square<br>Singapore | Demandware Inc.<br>5 Wall Street<br>Burlington, MA 01803 |

409051

| | | |
|---|---|---|
| Awin Inc.<br>PO Box 845591<br>Boston, MA  02284-5591 | Chocolate USA<br>732 E 10th Street Ste 106<br>Los Angeles, CA  90021 | RM Mfg Co<br>7401 N Oak Park Ave<br>Niles, IL  60714 |
| Oracle America Inc.<br>PO Box 203448<br>Dallas, TX  75320 | W. Steven Bryant<br>Locke Lord LLP<br>600 Congress Avenue, Ste. 2200<br>Austin, Texas 78701 | |