**The relief described hereinbelow is SO ORDERED.**

**Signed June 13, 2018.**



_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) FIXING
A RECORD DATE; (III) APPROVING CURE PROCEDURES; (IV)
APPROVING SOLICITATION PROCEDURES; (V) APPROVING FORM
OF BALLOT AND ESTABLISHING VOTING PROCEDURES; AND (VI)
ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH
RESPECT TO CONFIRMATION OF THE PLAN OF
REORGANIZATION OF A'GACI, L.L.C.  PURSUANT TO CHAPTER 11
<u>OF THE BANKRUPTCY CODE</u>**

The Court has considered the _Debtor's Motion for Entry of an Order (I) Approving the_

_Disclosure Statement; (II) Fixing a Record Date; (III) Approving Cure Procedures; (IV)_

_Approving Solicitation Procedures; (V) Approving Form of Ballot and Establishing Voting_

*Procedures; and (VI) Establishing Notice and Objection Procedures with Respect to Confirmation of the Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Motion</u>"), filed by the above-captioned debtor (the "<u>Debtor</u>"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      The *Second Amended Disclosure Statement in Support of the Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 393] (as may be further amended, the "<u>Disclosure Statement</u>")[1] complies with all aspects of Bankruptcy Code § 1125 and is hereby approved as containing adequate information (as defined by Bankruptcy Code § 1125(a)).

3.      The Debtor has provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

4.      Any objections to approval of the Disclosure Statement that were not withdrawn or resolved at or prior to the hearing to consider approval of the Disclosure Statement are overruled.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement.

**A.**     **Establishment of Voting Record Date**

5.     Pursuant to Bankruptcy Rule 3018(a), the Court hereby establishes the record date of **June 12, 2018** (the "Voting Record Date") for purposes of determining (a) holders of Claims and Interests entitled to receive Solicitation Materials, and (b) Creditors entitled to vote to accept or reject the Plan.  To the extent a Person (as defined in 11 U.S.C. § 101(41)) was not a Creditor as of the Voting Record Date but is subsequently determined to hold a Claim pursuant to an order of the Court temporarily allowing such Claim for voting purposes, such Person shall be entitled to vote to accept or reject the Plan.

**B.**     **Cure Procedures**

6.     The following procedures regarding the assumption of the Contracts are hereby approved to the extent set forth herein, and shall govern the assumption of all Contracts proposed to be assumed by the Debtor pursuant to Section 365(b) of the Bankruptcy Code (as defined in the Motion, the "Assumed Contracts")

7.     The Debtor shall serve the Cure Notice, substantially in the form attached hereto as **Exhibit 5** (the "Cure Notice") by first class mail, facsimile, electronic transmission, or overnight mail on or before **June 22, 2018**, on each counterparty of a Contract (the "Contract Counterparty").

8.     The Cure Notice shall set forth the following information: (i) the Contract(s) that the Debtors intends to assume under the Plan; (ii) the name and address of the Contract Counterparty; (iii) the proposed cure amount, if any, determined by the Debtor necessary to be paid to cure any existing default in accordance with the Bankruptcy Code (the "Cure Amount"); and (iv) the deadlines by which any such Contract Counterparty must file an objection to the proposed assumption of any Assumed Contract.

9.     Any and all objections (the "Cure Objections") to the assumption of any Contract, including without limitation any objection to the Debtor's proposed Cure Amount or the provision of adequate assurance of future performance pursuant to section 365 of the Bankruptcy Code ("Adequate Assurance"), must be filed with the Court on or before **July 16, 2018, at 4:00 p.m. (prevailing Central Time)** (the "Cure Objection Bar Date"). Cure Objections must: (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting Contract Counterparty; (d) be served so that they are received by the Confirmation Service List (defined below) no later than the Cure Objection Bar Date; (e) identify the Contract to which the objector is party; (f) describe with particularity any dispute the Contract Counterparty has under Bankruptcy Code § 365 with the Cure Amount and identify the bases of the dispute under the Contract; (g) attach all supporting documents; and (h) if the response contains an objection to Adequate Assurance, state with specificity what the objecting party believes is required to provide Adequate Assurance (the "Assumed Contract Objection Procedures").

10.     If no Cure Objection is timely and properly filed and served in accordance with the Assumed Contract Objection Procedures, (a) the Cure Amount set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary in any Assumed Contract or other document and the Contract Counterparty thereto shall be forever barred from asserting any other claim against the Debtor with respect to such Assumed Contract arising prior to the assumption thereof and (b) the Reorganized Debtor's promise to perform under the Assumed Contract shall be deemed Adequate Assurance thereunder.  To the extent the Debtor disputes any Cure Objection, such dispute shall be presented to the Court at the Confirmation Hearing, or such later date and time as the Debtor or the Reorganized Debtor may request or the Court may order.

11.     The presence of any Contract on the Cure Notice indicates that the Debtor presently intends to assume the Contract. Additionally, pursuant to the Plan, the Debtor will file the Plan Supplement no later than five days before the Voting Deadline  (or such later date as may be approved by the Court), which shall include a Schedule of Assumed Contracts and Leases, whereby each Contract Counterparty will have further notice of the Debtor's intention to assume its Contract.

**C.      Solicitation Procedures**

12.     The Court hereby approves the forms of ballot, attached hereto as **Exhibits 1-2** (collectively, the "Ballots"), and authorizes the Debtor to use such Ballots, in substantially the same form and containing substantially similar content, for soliciting votes of creditors entitled to vote on the Plan.

13.     The Court hereby grants relief to the Debtor from requirements under Fed. R. Bankr. P. 3017 to distribute paper copies of the Plan, Disclosure Statement and other materials to holders of Claims and Interests. The Debtor shall make the Disclosure Statement, Plan, and this order (this "Disclosure Statement Approval Order"), including any amendment, attachment, exhibit, or supplement related thereto, available in electronic format online at http://www.kccllc.net/agaci.

14.     The Confirmation Hearing Notice, attached hereto as **Exhibit 3** (the "Confirmation Hearing Notice"), shall be transmitted with the Solicitation Materials (defined below). The Confirmation Hearing Notice shall contain the address to the Debtor's case website with a link directly to the Disclosure Statement, Plan and this Disclosure Statement Approval Order.  The website shall contain a copy of the Disclosure Statement, Plan and the Disclosure Statement Approval Order, which can be reviewed online or downloaded and printed.

15.     The Debtor shall transmit or cause to be transmitted on or before **June 18, 2018** (the "Solicitation Mailing Date"), the Confirmation Hearing Notice (which contains a link to the Plan, Disclosure Statement, and Disclosure Statement Approval Order, including any amendment, attachment, exhibit, or supplement related thereto) and if applicable, Ballots, or Non-Voting Status Notice (as each is defined below),  a solicitation letter from the Debtor in support of the Plan, and in the Debtor's discretion, a solicitation letter in support of the Plan from other parties-in-interest (the "Solicitation Materials") to (a) all Creditors, (b) all holders of Interests, and (c) all other parties in interest, as required by the Bankruptcy Rules (including those entities as described in Bankruptcy Rule 3017(f)). The Debtor will serve paper copies of the Plan, Disclosure Statement, and the Disclosure Statement Approval Order on all parties in interest who have submitted such request in writing to the Claims and Balloting Agent, A'GACI Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245, or through the Debtor's Chapter 11 case website at www.kccllc.net/agaci/inquiry.

16.     Transmittal to Certain Holders of Claims and Interests Who Are Deemed to Reject or Accept the Plan.  The Debtor is not required to solicit votes or send Ballots to holders of Class 7 A'GACI Interests, which are deemed to reject the Plan pursuant to Bankruptcy Code § 1126(g).  The Debtor is hereby authorized to serve holders of Interests in Class 7 a copy of (i) the Confirmation Hearing Notice, and (ii) (a) Non-Voting Status Notice, substantially in the form attached hereto as **Exhibit 4**.

17.     Availability of Plan, Disclosure Statement, and the Plan Supplement.  The Debtor shall make copies of the Plan and Disclosure Statement and, prior to the Confirmation Hearing, the Plan Supplement, publicly available at http://www.kccllc.net/agaci.  In addition, copies of the Plan, the Disclosure Statement, and this Disclosure Statement Approval Order may also be

obtained, upon written request at least three (3) business days prior to the Voting Deadline (defined below), from the Claims and Balloting Agent, A'GACI Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245, or through the Debtor's Chapter 11 case website at www.kccllc.net/agaci.

**D.     Deadline for Submitting Ballots Accepting or Rejecting the Plan**

18.     The last day for submitting a Ballot accepting or rejecting the Plan (the "Voting Deadline") shall be **July 16, 2018**.  All parties entitled to vote will receive a Ballot from the Debtor by mail pursuant to this Order.  If a Claim has been objected to, such Creditor will <u>not</u> have the right to vote until the objection is resolved, and any vote will not be counted, unless such Creditor requests, and receives, after notice and hearing, an order of the Court under Bankruptcy Rule 3018(a) temporarily allowing the Claim for voting purposes.

19.     <u>Balloting Agent</u>.  All Ballots will be accompanied by pre-addressed, postage-paid return envelopes addressed to A'GACI Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245.

**E.     Ballot Tabulation Procedures**

20.     The Court hereby approves the following ballot tabulation procedures:

> A.     <u>Votes Counted</u>.  The Claims and Balloting Agent shall count all Ballots filed on account of (1) Claims in the Schedules of Assets and Liabilities, that are not listed as contingent, unliquidated or disputed, and are listed in an amount in excess of $0.00; (2) Proofs of Claim Filed by the Voting Record Date that are not asserted as contingent or unliquidated, and are asserted in an amount in excess of $0.00; and (3) the Chase Secured Claim. Aside from the Chase Secured Claim, if no Claim is listed in the Schedules of Assets or Liabilities, and no Proof of Claim is Filed by the Voting Record Date, such Creditor shall not be entitled to vote on the Plan on account of such Claim, subject to the procedures below. Further, the Claims and Balloting Agent shall not count any votes on account of Claims that are subject to an objection which has been Filed (and such objection is still pending), unless and to the extent the Court has overruled such objection by the Voting Record Date. The foregoing

general procedures will be subject to the following exceptions and clarifications:

(1)     if a Claim is Allowed under the Plan or by order of the Court, such Claim is Allowed for voting purposes in the Allowed amount set forth in the Plan or the order;

(2)     if no Proof of Claim has been filed by the Voting Record Date, the vote amount of a Claim shall be equal to the amount listed for the particular Claim in the Debtor's Schedules of Assets and Liabilities, as and if amended, to the extent such Claim is not listed as contingent, unliquidated, or disputed, and the Claim shall be placed in the appropriate Class, based on the Debtor's records, and consistent with the Debtor's Schedules of Assets and Liabilities;

(3)     if a Proof of Claim has been filed by the Voting Record Date, and such Claim (i) is asserted in an amount in excess of $0,00, and (ii) has not been objected to before the Voting Objection Deadline (defined below), such Claim is temporarily Allowed for voting purposes in the amount asserted in the Proof of Claim;

(4)     if a Claim is listed in the Debtor's Schedules of Assets and Liabilities or a Proof of Claim is filed by the Voting Record Date, and such Claim is only partially listed or asserted as contingent, unliquidated, or disputed, such Claim is temporarily Allowed for voting purposes only in the amount not listed or asserted as contingent, unliquidated or disputed in the Debtor's Schedules of Assets and Liabilities or in the Proof of Claim;

(5)     if a Claim is listed in the Debtor's Schedules of Assets and Liabilities or a Proof of Claim is filed by the Voting Record Date, and such Claim is listed or asserted as contingent, unliquidated, or disputed, or is listed or asserted for $0.00 or an undetermined amount, such Claim shall not be counted for voting purposes;

(6)     if a Claim is not listed in the Debtor's Schedules of Assets and Liabilities and a Proof of Claim is Filed after the Voting Record Date, such Claim is temporarily Allowed for voting purposes only if such Creditor obtains an order of the Court temporarily allowing the Claim for voting purposes prior to the Voting Deadline;

4841-8969-5078

(7)     any Claim to which there remains a pending objection as of the Voting Deadline, or an order has been entered granting such objection, such Claim shall not be counted for voting purposes;

(8)     if a Creditor has Filed duplicate Proofs of Claim by the Voting Record Date against the Debtor, such Creditor's Claim shall only be counted once;

(9)     if a Proof of Claim has been amended by a later-Filed Proof of Claim, the earlier-Filed Claim will not be entitled to vote, and to the extent the later-Filed Proof of Claim is filed after the Voting Record Date, such later-Filed Proof of Claim is temporarily Allowed for voting purposes only if such Creditor obtains an order of the Court temporarily allowing the Claim for voting purposes prior to the Voting Deadline; and

(10)    with respect to the Chase Secured Claim, such Chase Secured Claim (which was previously Allowed as stipulated in the Cash Collateral Order) shall be counted for voting purposes in the amount set forth in the Cash Collateral Order.

B.      <u>Tabulating Votes</u>. The following procedures shall apply for tabulating votes:

(1)     any Ballot that is otherwise timely completed, executed, and properly cast to the Claims and Balloting Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted; if no votes to accept or reject the Plan are received with respect to a particular Class that is entitled to vote on the Plan, such Class shall be deemed to have voted to accept the Plan;

(2)     if a Creditor casts more than one (1) Ballot voting the same Claim before the Voting Deadline, the last properly cast Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(3)     Creditors must vote all of their Claims within a particular Class to either accept or reject the Plan, and may not split their votes within a particular Class and thus a Ballot (or group of Ballots) within a particular Class that partially accepts and partially rejects the Plan shall not be counted;

(4)     a Creditor who votes an amount related to a Claim that has been paid or otherwise satisfied in full or in part shall only be counted for the amount that remains unpaid or not satisfied, and if such

Claim has been fully paid or otherwise satisfied, such vote will not be counted for purposes of amount or number; and

(5)    for purposes of determining whether the numerosity and amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtor will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one (1) Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

C.    <u>Ballots Not Counted</u>. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(1)    any Ballot received after the Voting Deadline, unless the Debtor, in its discretion, grants an extension of the Voting Deadline with respect to such Ballot;

(2)    any Ballot that is illegible or contains insufficient information to permit identification of the voter;

(3)    any Ballot cast by a Person that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

(4)    any duplicate Ballot (i.e. only original Ballots will be counted);

(5)    any unsigned Ballot or paper Ballot that does not contain an original signature; and

(6)    any Ballot transmitted to the Claims and Balloting Agent by facsimile or electronic mail, unless the Debtor, in its discretion, consents to such delivery method.

21.    The Debtor shall file objections (each, a "<u>Voting Objection</u>"), if any, to Claims for voting purposes on or before **July 9, 2018** (the "<u>Voting Objection Deadline</u>"). To the extent the Debtor files any Voting Objection, a Claim subject to such Voting Objection shall not be entitled to vote, unless such Creditor files a motion with the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules, and obtains an order from the Court temporarily allowing its Claim, for voting purposes, prior to the Voting Deadline.

22.     Changing Votes.  Notwithstanding Bankruptcy Rule 3018(a), if two (2) or more Ballots are cast voting the same claim prior to the Voting Deadline, the latest dated Ballot actually received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior Ballots, provided, however, that where an ambiguity exists as to which Ballot reflects the voter's intent, the Balloting Agent may contact the creditor and calculate the vote according to such voter's written instructions.  This procedure is without prejudice to the Debtor's right to object to the validity of the second Ballot on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes. Notwithstanding anything in this Order to the contrary, the Debtor may, in its sole discretion, agree to allow a creditor to change its vote after the Voting Deadline without further order of the Court.

23.     If a Creditor has not filed a Proof of Claim before the Voting Record Date, the Debtor proposes to count such Creditor's vote in the amount listed for the particular Claim in the Schedules of Assets and Liabilities, to the extent such Claim is not listed as contingent, unliquidated, or disputed and is listed for an amount in excess of $0.00. Further, for the avoidance of doubt, to the extent that no Claim is listed in the Schedules of Assets and Liabilities, or listed as contingent, unliquidated, or disputed, or in an amount of $0.00, and no Proof of Claim has been filed by the Voting Record Date, such Creditor will not be entitled to vote, unless such Creditor files a motion with the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules, and obtains an order from the Court temporarily allowing its Claim, for voting purposes, prior to the Voting Deadline.

24.     No Vote Splitting.  Claim splitting is not permitted.  Creditors who vote must vote all of their Claims within a particular Class to either accept or reject the Plan.

25.     _Absence of Votes in a Class_.  If no votes to accept or reject the Plan are received with respect to a particular Class, but Allowed Claims exist in such Class, such Class is deemed to have voted to accept the Plan.

26.     _Elimination of Class without Allowed Claims_. Any Class of Claims or Interests that does not have a holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

27.     _Execution of Ballots By Authorized Representatives_.  In order to be counted, completed Ballots signed by trustees, executors, nominees, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity must indicate their capacity when signing.  At the Debtor's request, Ballot signatories are required to submit proper evidence satisfactory to the Debtor of their authority to so act.  Failure to indicate the capacity of the signatory to the Ballot may result in the Ballot being deemed invalid and not counted.

28.     _Waivers of Defects and Other Irregularities Regarding Ballots_.  Unless otherwise directed by the Court, all questions concerning the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots will be determined by the Debtor in its sole discretion, whose determination will be final and binding.  The Debtor may reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful.  Any defects or irregularities or conditions of delivery as to any particular Ballot must be cured within such time as the Court determines.  Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time

as the Debtor (or the Court) determines. Neither the Debtor, the Claims and Balloting Agent, nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liability for failure to provide such notification; provided, however, that the Debtor and/or the Claims and Balloting Agent will indicate on the Ballot summary the Ballots, if any, that were not counted, and will provide the original of such Ballots with the original of the Ballot summary at the Confirmation Hearing. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until any irregularities have been cured or waived. Unless otherwise directed by the Court, Ballots previously furnished, and as to which any irregularities have not subsequently been cured or waived, will be invalidated.

29.     Withdrawal of Votes. Except as otherwise directed by the Court after notice and a hearing, any holder of a Claim (or its authorized representative) in an Impaired Class who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by either (a) consent of the Debtor at any time prior to the Confirmation Hearing, or (b) delivering a written notice of withdrawal to the Balloting Agent (with copy to Debtor's counsel) at any time before the Voting Deadline. In order to be valid, a notice of non-consensual withdrawal must:

> (i)     contain the description of the Claims to which it relates and the aggregate principal amount or number of shares represented by such Claims;
>
> (ii)    be signed by the Claimholder (or its authorized representative) in the same manner as the Ballot; and
>
> (iii)   be received by the Balloting Agent in a timely manner at the address specified in the Ballot instructions for the submission of Ballots.

The Debtor may contest the validity of any such non-consensual withdrawals of Ballots. Unless otherwise directed by the Court, a purported notice of non-consensual withdrawal of Ballots that

is not received in a timely manner by the Claims and Balloting Agent and Debtor's counsel will not be effective to withdraw a previously furnished Ballot. If a holder of a claim submits a valid notice of non-consensual withdrawal prior to the Voting Deadline, such holder may submit a new Ballot, and such Ballot will be counted so long as it is received prior to the Voting Deadline and is otherwise submitted in accordance with this Order.

30. <u>Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code.</u> If any Class of Claims entitled to vote on the Plan does not vote to accept the Plan, the Debtor may (i) seek confirmation of the Plan under Bankruptcy Code section 1129(b) or (ii) amend or modify the Plan in accordance with Article X of the Plan and the Bankruptcy Code.

31. <u>Controversy Concerning Impairment.</u> If a controversy arises as to whether any Claims or Interests, or any Class of Claims or Interests, are Impaired, the Court may, after notice and a hearing, determine such controversy on or before the Confirmation Date.

32. <u>Subordinated Claims</u>. The allowance, classification, and treatment of all Allowed Claims and Allowed Interests and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Reorganized Debtor reserves the right to re-classify any Allowed Claim or Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

33. **Publication of Confirmation Hearing Notice**. Pursuant to Bankruptcy Rule 2002(1), the Debtor is hereby authorized to publish the Confirmation Hearing Notice substantially the same form attached as **<u>Exhibit 3</u>** to this Order, such publication to occur **not**

**less than twenty-one (21) days before the Confirmation Hearing** in the national edition of *USA Today*. In addition, the Debtor shall publish the Confirmation Hearing Notice electronically at http://www.kccllc.net/agaci.

**G.      Hearing to Consider and Deadlines related to the Confirmation of the Plan**

34.      The Confirmation Hearing shall commence on **July 26, 2018 at 2:00 p.m. (prevailing Central Time)**. The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

35.      The last day for filing and serving objections to confirmation of the Plan shall be **July 16, 2018, at 4:00 p.m. (prevailing Central Time)** (the "Confirmation Objection Deadline"). Objections to confirmation shall be filed with the Court and served so as to be actually received by the Confirmation Objection Deadline upon (the "Confirmation Service List"): (i) counsel for the Debtor, Ian T. Peck and David L. Staab, Haynes and Boone LLP, 2323 Victory Ave, Suite 700, Dallas, TX 75219, ian.peck@haynesboone.com, david.staab@haynesboone.com; (ii) counsel for JPMorgan Chase Bank, N.A., W. Steven Bryant, Locke Lord LLP, 600 Congress Avenue, Ste. 2200, Austin, TX 78701, sbryant@lockelord.com; (iii) counsel to the Committee, Richard Lauter and Emily S. Chou, Lewis Brisbois Bisgaard & Smith LLP, 2100 Ross Ave., Suite 2000, Dallas, TX 75201, richard.lauter@lewisbrisbois.com, emily.chou@lewisbrisbois.com; (iv) counsel to Bank of America, N.A., Steve A. Peirce, Norton Rose Fulbright, (US) LLP, 300 Convent, Suite 2100, San Antonio, Texas 78205, steve.peirce@nortonrosefulbright.com; and (v) counsel for the Office of the United States Trustee for the Western District of Texas, Kevin Epstein, 615 E. Houston Street, Suite 533, San Antonio, Texas 78205.

36.     Briefs in support of confirmation of the Plan and responses to Objections to confirmation shall be filed with the Court and served upon those parties listed on the Confirmation Service List by no later than **July 20, 2018**.

37.     A report of the Ballots received by the Claims and Balloting Agent and a tabulation of the votes accepting or rejecting the Plan shall be filed with the Court by no later than **July 20, 2018**.

**I.      General Provisions**

38.     The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

39.     Objections to confirmation of the Plan not timely filed and served in the manner set forth in this Order will not be considered by the Court and shall be overruled.

40.     The Debtor is authorized to make non-material changes to the Plan, Disclosure Statement, Ballot, Non-Voting Status Notice, Confirmation Hearing, Notice and the Cure Claims Procedures Notice, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan, Disclosure Statement, and any other materials contained in the Solicitation Materials prior to their distribution.  The Debtor is also authorized to update any financial information in the Disclosure Statement with more current or accurate information to the extent available prior to the distribution of the Solicitation Materials.

41.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

# # #

**Submitted by:**


Ian T. Peck
State Bar No. 24013306
David Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile:  214.651.5940
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR DEBTOR**

4841-8969-5078

# EXHIBIT 1

## Form of Generic Ballot

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

**BALLOT FOR HOLDERS OF CLASS [●] TO ACCEPT OR REJECT THE
CHAPTER 11 PLAN OF THE DEBTOR**

**VOTING DEADLINE: July 16, 2018**

  This ballot is to be used by holders of [●] in class [●].  Please complete, sign and date this ballot and return it in the enclosed envelope promptly.  If your vote has not been received by Kurtzman Carson Consultants LLC (the "**Claims and Balloting Agent**") on or before <u>July 16, 2018</u>, it will <u>not</u> be counted.  Facsimile signatures will not be accepted without the written consent of the Debtor.

  A'GACI, L.L.C., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), is soliciting votes with respect to the *Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "<u>Plan</u>"), which is described in and attached to the *Disclosure Statement In Support of the Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "<u>Disclosure Statement</u>").  [●] are classified as Class [●] Claims under the Plan.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

  To have your vote count, this Ballot must be completed and returned to the Claims and Balloting Agent, as indicated on the enclosed return envelope.  Please see the "Instructions for Completing the Ballot" below for additional information.

  The Plan can be confirmed by the Court and thereby made binding upon you if (a) the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of claims in such class that votes on the Plan and (b) if it otherwise satisfies the requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of Bankruptcy Code § 1129(b).

**Item 1.**   **Aggregate Principal Amount of Claim.**

This Ballot is cast by or on behalf of the holder of the Class [●] Claim in the aggregate principal amount of  $[●].

**Item 2.**   **Class [●] ([●] Claimant) Vote.**

The holder of the [●] Claim votes its claim as follows (check one box only):

|              **ACCEPT**              |            |          **REJECT**          |
|          THE PLAN          | -OR-       |          THE PLAN          |
|          ☐               |            |          ☐               |

**Item 3.**          **Certification**

By returning this Ballot, the voter certifies and/or acknowledges that: (a) the claim holder has been provided with a copy of the Disclosure Statement, including the Plan; and (b) the claim holder has full power and authority to vote to accept or reject the Plan.

NAME: _____

SOCIAL SECURITY OR
FEDERAL TAX ID NO. _____

BY: _____
                                   (If appropriate)

TITLE: _____
                                   (If appropriate)

ADDRESS: _____

_____

TELEPHONE NUMBER. (        ) _____ - _____

DATE: _____

**THE VOTING DEADLINE IS JULY 16, 2018.  ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

THE CLAIMS AND BALLOTING AGENT IS:

A'GACI Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtor is soliciting your vote with respect to the Plan referred to in the Disclosure Statement. Please review the Disclosure Statement in its entirety, including exhibits, before you vote.

On June [●], 2018, the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, signed an order which established certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are described in Article III of the Disclosure Statement. Please review the Voting Procedures carefully before completing this Ballot.

***Instructions: Please complete this Ballot as follows:***

 (a)  Complete Item 1;

 (b)  Vote to accept or reject the Plan by checking the appropriate box in Item 2;

 (c)  Review the acknowledgment and certification set forth in Item 3;

 (d)  Date this Ballot, and provide your address if it does not appear on the Ballot; and

 (e)  If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.

TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT SO THAT IT IS RECEIVED BY THE CLAIMS AND BALLOTING AGENT NO LATER THAN JULY 16, 2018.

YOUR ORIGINAL SIGNATURE IS REQUIRED ON THE BALLOT IN ORDER FOR YOUR VOTE TO COUNT.

YOU MUST VOTE ALL OF YOUR CLAIMS WITHIN CLASS [●] UNDER THE PLAN EITHER TO ACCEPT OR REJECT THE PLAN. A BALLOT THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

Any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Disclosure Statement Approval Order may view such documents at **http://www.kccllc.net/AGACI**.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIAL, INCLUDING THE PLAN, PLEASE CONTACT KCC. PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

A'GACI Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245
www.kccllc.net/agaci/inquiry
888-251-3076 (U.S./Canada) or 310-751-2617 (International)

4841-8969-5078

*Please Note:* This Ballot shall not constitute or be deemed a proof of claim.

**EXHIBIT 2**

**Form of Ballot for Class 2 BOA Secured Claim**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

## BALLOT FOR HOLDER OF CLASS 2 BOA SECURED CLAIM
## TO ACCEPT OR REJECT THE
## CHAPTER 11 PLAN OF THE DEBTOR

**VOTING DEADLINE: JULY 16, 2018**

**Please complete, sign and date this ballot and return it in the enclosed envelope promptly. If your vote has not been received by Kurtzman Carson Consultants LLC (the "Claims and Balloting Agent") on or before July 16, 2018, it will not be counted. Facsimile signatures will not be accepted without the written consent of the Debtor.**

A'GACI, L.L.C., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), is soliciting vote with respect to the *Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "Plan"), which is described in and attached to the *Disclosure Statement In Support of the Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "Disclosure Statement"). Bank of America, N.A.'s Claims under the Plan consist of (i) the Class 2 BOA Secured Claim, and (ii) the BOA Deficiency Claim, which is classified as a Class 6 General Unsecured Claim under the Plan. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

To have your vote count, this Ballot must be completed and returned to the Claims and Balloting Agent, as indicated on the enclosed return envelope. Please see the "Instructions for Completing the Ballot" below for additional information.

The Plan can be confirmed by the Court and thereby made binding upon you if (a) the Plan is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of claims in such class that votes on the Plan and (b) if it otherwise satisfies the requirements of section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of Bankruptcy Code § 1129(b).

## Item 1.        Aggregate Principal Amount of BOA Claim.

This Ballot is cast by or on behalf of BOA for its Class 2 BOA Secured Claim in the aggregate principal amount of $_____.

This Ballot is cast by or on behalf of BOA for its Class 6 BOA Deficiency Claim in the aggregate principal amount of $_____.

**Item 2.**  **Class 2 (BOA Secured Claim) Vote.**

BOA votes its Class 2 BOA Secured Claim as follows (check one box only):

<table>
<tr><td><u>**ACCEPT**</u></td><td></td><td><u>**REJECT**</u></td></tr>
<tr><td><u>THE PLAN</u></td><td>**-OR-**</td><td><u>THE PLAN</u></td></tr>
<tr><td>☐</td><td></td><td>☐</td></tr>
</table>

**Item 3.**  **Certification**

By returning this Ballot, the voter certifies and/or acknowledges that: (a) the claim holder has been provided with a copy of the Disclosure Statement, including the Plan; and (b) the claim holder has full power and authority to vote to accept or reject the Plan.

NAME: _____

SOCIAL SECURITY OR
FEDERAL TAX ID NO. _____

BY: _____
                     (If appropriate)

TITLE: _____
                     (If appropriate)

ADDRESS: _____

_____

TELEPHONE NUMBER.     (      ) _____ - _____

DATE: _____

**THE VOTING DEADLINE IS JULY 16, 2018.  ALL BALLOTS MUST BE RECEIVED BY THE VOTING DEADLINE.**

THE CLAIMS AND BALLOTING AGENT IS:

> KCC
> Attn: A'GACI Ballot Processing Center
> 2335 Alaska Avenue
> El Segundo, CA 90245

# INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtor is soliciting your vote with respect to the Plan referred to in the Disclosure Statement. Please review the Disclosure Statement in its entirety, including exhibits, before you vote.

On June [●], 2018, the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, signed an order which established certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures are described in Article III of the Disclosure Statement. Please review the Voting Procedures carefully before completing this Ballot.

***Instructions: Please complete this Ballot as follows***:

(a)     Complete Item 1;

(b)     Vote to accept or reject the Plan by checking the appropriate box in Item 2; You must vote all your BOA Claim either to accept or to reject the Plan and may not split your vote. **Please note that BOA's Class 6 BOA Deficiency Claim will be deemed voted consistent with BOA's vote on this ballot for its Class 2 BOA Secured Claim.**

(c)     Review the acknowledgment and certification set forth in Item 3; and

(f)     Date this Ballot, and provide your address if it does not appear on the Ballot.

TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT SO THAT IT IS RECEIVED BY THE CLAIMS AND BALLOTING AGENT NO LATER THAN JULY 16, 2018.

YOUR ORIGINAL SIGNATURE IS REQUIRED ON THE BALLOT IN ORDER FOR YOUR VOTE TO COUNT.

YOU MUST VOTE ALL OF YOUR CLASS 2 SECURED CLAIM UNDER THE PLAN EITHER TO ACCEPT OR REJECT THE PLAN. A BALLOT THAT PARTIALLY ACCEPTS AND PARTIALLY REJECTS THE PLAN WILL NOT BE COUNTED.

**T**he Plan, Plan Supplement, Disclosure Statement or the Disclosure Statement Approval Order may be viewed at **http://www.kccllc.net/agaci**.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIAL, INCLUDING THE PLAN, PLEASE CONTACT KCC. PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

A'GACI Ballot Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245
www.kccllc.net/agaci/inquiry
888-251-3076 (U.S./Canada) or 310-751-2617 (International)

4841-8969-5078

*Please Note:*  This Ballot shall not constitute or be deemed a proof of claim.

**EXHIBIT 3**

**Form of Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHMENT OF VOTING RECORD DATE; (III) APPROVING CURE PROCEDURES; (IV) HEARING ON CONFIRMATION OF THE CHAPTER 11 PLAN OF THE DEBTOR; (V) PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (VI) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND EQUITY INTERESTS IN THE ABOVE-CAPTIONED DEBTOR AND DEBTOR IN POSSESSION:

**PLEASE TAKE NOTICE THAT:**

1.      **Approval of Disclosure Statement.** By order dated June [●], 2018 (the "Disclosure Statement Approval Order"), the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court") approved the *Disclosure Statement in Support of the Plan of Reorganization of A'GACI, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "Disclosure Statement") filed by A'GACI, L.L.C., as debtor and debtor-in-possession (the "Debtor"), and authorized the Debtor to solicit votes with regard to the approval or rejection of the *Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code*, which is attached as an exhibit to the Disclosure Statement (as may be amended, the "Plan").[1]

2.      **Confirmation Hearing.** A hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall be held before the Honorable Ronald B. King at the Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Courtroom 1, San Antonio, Texas 78205, or before any other judge who may be sitting in his place and stead, on **July 26, 2018 at 2:00 p.m. (prevailing Central Time)**. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court without further notice to parties in interest, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

3.      **Record Date for Voting Purposes.** All creditors who hold claims on **June 12, 2018** (the "Voting Record Date") shall be entitled to vote on the Plan, as described in the Disclosure Statement Approval Order.

4.      **Voting Deadline.** All votes to accept or reject the Plan must be received by the Claims and Balloting Agent, A'GACI Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245 on or before **July 16, 2018** (the "Voting Deadline"). Any failure to follow the voting

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

instructions contained in the Disclosure Statement Approval Order and on the Ballots that will be included in the Solicitation Materials that will be sent to creditors entitled to vote on the Plan may disqualify your Ballot and your vote.

5.     **Bar Date.**  Any person or entity (excluding governmental units) holding a claim or interest against the Debtor that arose or is deemed to have arisen prior to **January 9, 2018** (the "Petition Date"), must file a proof of claim or interest on or before **May 14, 2018** (the "Bar Date").

6.     **Parties in Interest Not Entitled to Vote.**  Holders of interests who will receive no distribution under the Plan are not entitled to vote on the Plan.  Such holders shall receive a Non-Voting Status Notice rather than a Ballot.

7.     **Objections to Confirmation.**  Objections, if any, to the confirmation of the Plan must (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court and served so that they are received by the following parties (the "Confirmation Service List"), no later than **July 16, 2018 at 4:00 p.m. (prevailing  Central Time)**: (i) counsel for the Debtor, Ian T. Peck and David L. Staab, Haynes and Boone LLP, 2323 Victory Ave, Suite 700, Dallas, TX 75219, ian.peck@haynesboone.com, david.staab@haynesboone.com; (ii) counsel for JPMorgan Chase Bank, N.A., W. Steven Bryant, Locke Lord LLP, 600 Congress Avenue, Ste. 2200, Austin, TX 78701, sbryant@lockelord.com; (iii) counsel to the Committee, Richard Lauter and Emily S. Chou, Lewis Brisbois Bisgaard & Smith LLP, 2100 Ross Ave., Suite 2000, Dallas, TX 75201, richard.lauter@lewisbrisbois.com, emily.chou@lewisbrisbois.com; (iv) counsel to Bank of America, N.A., Steve A. Peirce, Norton Rose Fulbright, (US) LLP, 300 Convent, Suite 2100, San Antonio, Texas 78205, steve.peirce@nortonrosefulbright.com; and (v) counsel for the Office of the United States Trustee for the Western District of Texas, Kevin Epstein, 615 E. Houston Street, Suite 533, San Antonio, Texas 78205.

8.     **Executory Contracts and Unexpired Leases.**  Pursuant to the Plan, unless otherwise provided in the Plan, all Executory Contracts or Unexpired Leases, not previously assumed or rejected pursuant to an order of the Bankruptcy Court, will be deemed rejected, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those Executory Contracts or Unexpired Leases that: (1) previously were assumed or rejected by the Debtor; (2) are specifically designated on the Schedule of Assumed Contracts and Leases Filed and served prior to commencement of the Confirmation Hearing; (3) are subject to a motion to assume Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (4) are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date; or (5) are the subject of Article IV.M or Article V.F. of the Plan.  Unless otherwise specified, the assumed executory contracts and unexpired leases include all exhibits, schedules, riders, modifications, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by an agreement, instrument, or other document that in any manner affects such agreement.  Pursuant to the Cure Procedures, and as detailed in the Cure Notice provided to all counterparties of the Debtor's executory contracts and unexpired leases (the "Contracts"), all objections to the assumption of any Contract, including without limitation any objection to the Debtor's proposed Cure Amount (the "Cure Amount") or the provision of adequate assurance of future performance under any Contract pursuant to Section 365 of the Bankruptcy Code ("Adequate Assurance") must: (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting Contract Counterparty; (d) be filed, together with proof of service, with the Court and served so that they are received by the parties to the Confirmation Service List, no later than **July**

**16, 2018 at 4:00 p.m. (prevailing Central Time)** (the "<u>Cure Objection Bar Date</u>"); (e) identify the Contract to which the objector is party; (f) describe with particularity any dispute the Contract Counterparty has under Section 365 of the Bankruptcy Code with the Cure Amount and identify the bases of the dispute under the Contract; (g) attach all supporting documents; and (h) if the response contains an objection to Adequate Assurance, state with specificity what the objecting party believes is required to provide Adequate Assurance.

9.     **Additional Information.**  Any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Disclosure Statement Approval Order may view such documents at **http://www.kccllc.net/agaci**.  Any party in interest wishing to obtain information about the solicitation procedures or balloting should contact the Debtor's Claims and Balloting Agent - Kurtzman Carson Consultants LLC, by (i) toll-free telephone (888) 251-3076 (U.S./Canada) or (310) 751-2617 (International) or (ii) online at http://www.kccllc.net/agaci/inquiry.

**Dated: June [●], 2018**

Ian T. Peck
State Bar No. 24013306
David Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR THE DEBTOR**

## EXHIBIT 4

**Form of Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

## NOTICE OF NON-VOTING STATUS
## WITH RESPECT TO IMPAIRED CLASSES

PLEASE TAKE NOTICE THAT on May 7, 2018, A'GACI, L.L.C., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), filed the *Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "Plan") and the *Disclosure Statement in Support of Plan of Reorganization of A'GACI, L.L.C.* (as may be amended, the "Disclosure Statement"), with the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court"). By order entered on **June [●], 2018** (the "Disclosure Statement Approval Order"), the Court approved the adequacy of the information contained in the Disclosure Statement, along with certain procedures to be used in connection with solicitation of votes on the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR OWNERSHIP OF EQUITY INTERESTS IN THE DEBTOR. PURSUANT TO SECTION 1126(G) OF THE BANKRUPTCY CODE, YOU ARE DEEMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN.**

PLEASE TAKE FURTHER NOTICE THAT a hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall be held before the Honorable Ronald B. King at the Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Courtroom 1, San Antonio, Texas 78205, or before any other judge who may be sitting in his place and stead, on **July 26, 2018 at 2:00 p.m. (prevailing Central Time)**. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court without further notice to parties in interest, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the confirmation of the Plan must (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (d) state with particularity the basis and nature of any objection to the Plan; and (e) be filed, together with proof of service, with the Court and served so that they are received by the following parties (the "Confirmation Service List"), no later than **July 16, 2018 at 4:00 p.m. (prevailing  Central Time)**: (i) counsel for the Debtor, Ian T. Peck and David L. Staab, Haynes and Boone LLP, 2323 Victory Ave, Suite 700, Dallas, TX 75219, ian.peck@haynesboone.com, david.staab@haynesboone.com; (ii) counsel for JPMorgan Chase Bank, N.A., W. Steven Bryant, Locke Lord LLP, 600 Congress Avenue, Ste. 2200, Austin, TX 78701, sbryant@lockelord.com; (iii) counsel to the Committee, Richard Lauter and Emily S. Chou, Lewis Brisbois Bisgaard & Smith LLP, 2100 Ross Ave., Suite 2000, Dallas, TX 75201, richard.lauter@lewisbrisbois.com, emily.chou@lewisbrisbois.com; (iv) counsel to Bank of America, N.A., Steve A. Peirce, Norton Rose Fulbright, (US) LLP, 300 Convent, Suite 2100, San Antonio, Texas 78205,

steve.peirce@nortonrosefulbright.com; and (v) counsel for the Office of the United States Trustee for the Western District of Texas, Kevin Epstein, 615 E. Houston Street, Suite 533, San Antonio, Texas 78205.

PLEASE TAKE FURTHER NOTICE THAT any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Disclosure Statement Approval Order may view such documents at **http://www.kccllc.net/agaci**.

**Dated: June [●], 2018**

Ian T. Peck
State Bar No. 24013306
David Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR THE DEBTOR**

**EXHIBIT 5**

**Cure Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| A'GACI, L.L.C., | § | Case No. 18-50049-rbk-11 |
| | § | |
| Debtor. | § | |

### NOTICE OF CURE PROCEDURES

PLEASE TAKE NOTICE THAT on May 7, 2018, A'GACI, L.L.C., as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), filed the *Plan of Reorganization of A'GACI, L.L.C. Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, the "Plan") and the *Disclosure Statement in Support of Plan of Reorganization of A'GACI, L.L.C.* (as may be amended, the "Disclosure Statement"), with the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court"). By order entered on **June [●], 2018** (the "Disclosure Statement Approval Order"), the Court approved the adequacy of the information contained in the Disclosure Statement, along with certain procedures described below.

PLEASE TAKE FURTHER NOTICE THAT upon on the Effective Date of the Plan, the Debtor intends to assume the executory contracts and unexpired leases and any modifications thereto set forth on **Schedule 1** hereto (collectively, the "Contracts"). In addition, the cure amounts, if any, necessary for the assumption of the Contracts (the "Cure Amounts") are set forth on Schedule 1.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Plan, the Debtor will file the Plan Supplement no later than five days before the Voting Deadline (or such later date as may be approved by the Court), which shall include a Schedule of Assumed Contracts and Leases, whereby each Contract Counterparty will have further notice on the Debtor's intention to assume its Contract.

PARTIES LISTED ON **SCHEDULE 1** HERETO ARE RECEIVING THIS NOTICE BECAUSE THE DEBTOR HAS IDENTIFIED THEM AS A COUNTERPARTY TO A CONTRACT THAT THE DEBTORS INTENDS TO ASSUME.

Any party wishing to view the Plan, Plan Supplement, Disclosure Statement or the Disclosure Statement Approval Order may view such documents at **http://www.kccllc.net/agaci**. Any party in interest wishing to obtain information about the solicitation procedures or balloting should contact the Debtor's Balloting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Attn: A'GACI Ballot Processing Center.

### Assumed Contract Objection Procedures

Pursuant to the Cure Procedures, all objections to the assumption of any Contract, including without limitation any objection to the Debtor's proposed Cure Amount or the provision of adequate assurance of future performance under any Contract pursuant to Section 365 of the Bankruptcy Code ("Adequate Assurance") must: (a) be in writing; (b) be in the English language; (c) state the name and address of the objecting Contract Counterparty; (d) be filed, together with proof of service, with the Court and served so that they are received by the following parties (the "Confirmation Service List"), no later than **July 16, 2018 at 4:00 p.m. (prevailing Central Time)** (the "Cure Objection Bar Date"): (i) counsel

for the Debtor, Ian T. Peck and David L. Staab, Haynes and Boone LLP, 2323 Victory Ave, Suite 700, Dallas, TX 75219, ian.peck@haynesboone.com, david.staab@haynesboone.com; (ii) counsel for JPMorgan Chase Bank, N.A., W. Steven Bryant, Locke Lord LLP, 600 Congress Avenue, Ste. 2200, Austin, TX 78701, sbryant@lockelord.com; (iii) counsel to the Committee, Richard Lauter and Emily S. Chou, Lewis Brisbois Bisgaard & Smith LLP, 2100 Ross Ave., Suite 2000, Dallas, TX 75201, richard.lauter@lewisbrisbois.com, emily.chou@lewisbrisbois.com; (iv) counsel to Bank of America, N.A., Steve A. Peirce, Norton Rose Fulbright, (US) LLP, 300 Convent, Suite 2100, San Antonio, Texas 78205, steve.peirce@nortonrosefulbright.com; and (v) counsel for the Office of the United States Trustee for the Western District of Texas, Kevin Epstein, 615 E. Houston Street, Suite 533, San Antonio, Texas 78205; (e) identify the Contract to which the objector is party; (f) describe with particularity any dispute the Contract Counterparty has under Section 365 of the Bankruptcy Code with the Cure Amount and identify the bases of the dispute under the Contract; (g) attach all supporting documents; and (h) if the response contains an objection to Adequate Assurance, state with specificity what the objecting party believes is required to provide Adequate Assurance.

## FAILING TO TIMELY FILE AND SERVE AN OBJECTION

ANY COUNTERPARTY TO AN ASSUMED CONTRACT OR ASSUMED LEASE WHO FAILS TO TIMELY FILE AND SERVE AN OBJECTION TO THE PROPOSED ASSUMPTION OF AN ASSUMED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON <u>SCHEDULE 1</u> IN ACCORDANCE WITH THE CURE PROCEDURES SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION OF THE ASSUMED CONTRACT AND/OR THE CURE AMOUNT SET FORTH ON <u>SCHEDULE 1</u>, INCLUDING ASSERTING ADDITIONAL CURE AMOUNTS WITH RESPECT TO THE ASSUMED CONTRACT OR ASSUMED LEASE RELATING TO ANY PERIOD PRIOR TO THE TIME OF ASSUMPTION.

Dated: June [●], 2018

Ian T. Peck
State Bar No. 24013306
David Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR THE DEBTOR**

**SCHEDULE 1**

**Cure Amount Schedule**

| Contract Counterparty | Description of Contract or Lease | Proposed Cure Amount |
|---|---|---|
| | | |
| | | |